United States of America v. Tony Leung

UNITED STATES COURT OF APPEALS
FOR THE SECOND CIRCUIT

**SUMMARY ORDER**

**RULINGS BY SUMMARY ORDER DO NOT HAVE PRECEDENTIAL EFFECT. CITATION TO A SUMMARY ORDER FILED ON OR AFTER JANUARY 1, 2007, IS PERMITTED AND IS GOVERNED BY FEDERAL RULE OF APPELLATE PROCEDURE 32.1 AND THIS COURT'S LOCAL RULE 32.1.1. WHEN CITING A SUMMARY ORDER IN A DOCUMENT FILED WITH THIS COURT, A PARTY MUST CITE EITHER THE FEDERAL APPENDIX OR AN ELECTRONIC DATABASE (WITH THE NOTATION "SUMMARY ORDER"). A PARTY CITING A SUMMARY ORDER MUST SERVE A COPY OF IT ON ANY PARTY NOT REPRESENTED BY COUNSEL.**

At a stated Term of the United States Court of Appeals for the Second Circuit, held at the Thurgood Marshall United States Courthouse, 40 Foley Square, in the City of New York on the 26th day of May, two thousand twenty one.

Present:    GUIDO CALABRESI,
            ROSEMARY S. POOLER,
            WILLIAM J. NARDINI,
                    *Circuit Judges*.

_____

UNITED STATES OF AMERICA,

                    *Appellee*,

            v.                                                  20-2008-cr

TONY LEUNG,

                    *Defendant-Appellant*.

_____

Appearing for Appellant:      Michelle A. Gelernt, Assistant Federal Public Defender (Edward S. Zas, Assistant Federal Public Defender, *on the brief*), Federal Defenders of New York, Inc., New York, N.Y.

Appearing for Appellee:       Drew G. Rolle, Assistant United States Attorney (Jo Ann M. Navickas, Assistant United States Attorney, *on the brief*), *for* Mark J. Lesko, Acting United States Attorney for the Eastern District of New York, Brooklyn, N.Y.

Appeal from the United States District Court for the Eastern District of New York (Glasser, *J.*).

**ON CONSIDERATION WHEREOF, IT IS HEREBY ORDERED, ADJUDGED, AND DECREED** that the order of said District Court be and it hereby is **VACATED** and the case is **REMANDED**.

Tony Leung appeals from a June 16, 2020 order denying his motion for a modification of his term of imprisonment under 18 U.S.C. § 3582(c)(1)(A)(i). We assume the parties' familiarity with the underlying facts, procedural history, and specification of issues for review.

Defendants may seek discretionary modifications of their terms of imprisonment for "extraordinary and compelling reasons," colloquially known as motions for compassionate release. 18 U.S.C. § 3582(c)(1)(A)(i). The Sentencing Guidelines prescribe specific grounds for granting such motions. *See* U.S.S.G. § 1B1.13, n.1(A). Previously, defendants were required to move for such relief before the Bureau of Prisons ("BOP"), which, in its discretion, would then present select applications to a district court. The district court made its decision before we issued *United States v. Brooker*, which held that the First Step Act not only changed this procedure by permitting defendants to independently bring compassionate release motions before a district court after exhausting administrative remedies, but also "freed district courts to exercise their discretion in determining what are extraordinary circumstances" when defendants bring such motions. 976 F.3d 228, 234 (2d Cir. 2020). Under these circumstances, we deem it appropriate to vacate and remand so that the distinguished district court can review the case in light of *Brooker*'s authority. At that time, the court will be free to consider any other facts which have arisen since his prior holding.

Accordingly, the order of the district court hereby is VACATED, and the case is REMANDED for further proceedings consistent with this order.

FOR THE COURT:
Catherine O'Hagan Wolfe, Clerk